**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MASHIACH C LASSITER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-335-P** |
| | § | |
| **TARRANT COUNTY JUVENILE** | § | |
| **SERVICES, ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE**

On March 19, 2026, *pro se* Plaintiff Mashiach C. Lassiter filed a civil complaint and application to proceed *in forma pauperis* (IFP), which were referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 2, 10.

The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.     NATURE OF THE CASE

This case is a new civil action.

B.     PARTIES

Mashiach C. Lassiter, who is also known as Christopher Lassiter, is the plaintiff. He names Tarrant County Juvenile Services, Bennie Medlin, Ron Lewis, and Ann McDonald as defendants.

C.     LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed *in forma pauperis* (IFP). *See* 28 U.S.C. §§

1914, 1915. Although Plaintiff filed a long-form IFP application, the Court determined that it was deficient because Plaintiff did not complete all sections of the form. ECF Nos. 2, 12. On March 23, the Court ordered Plaintiff to cure this deficiency within 30 days, by either paying $405 to the clerk of Court or filing an amended, complete long-form IFP application. ECF No. 12. The Court mailed Plaintiff a copy of the IFP form necessary to comply and explicitly warned him that failure to timely pay the applicable fees or submit a proper IFP application could result in dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

The deadline for Plaintiff to comply with the Court's March 23 order expired on April 22. To date, Plaintiff has not fully complied with the Court's instructions or sought an extension of time to do so. Although Plaintiff recently filed an amended IFP application, it is virtually identical to his original application and is incomplete. ECF No. 18. As previously explained by the Court, in order to properly assess Plaintiff's pauper status, it must consider all of the information elicited on the long-form IFP application.

Moreover, after reviewing public court records available on PACER, the Court does not accept as credible Plaintiff's declaration that he will receive only $10 in self-employment income next month. ECF Nos. 2, 18 at 1. Although Plaintiff declares in both applications that he is a disabled veteran and has no dependents, he does not list any disability compensation benefits as an income source on the form, which the Court is authorized to consider when assessing a party's

eligibility to proceed IFP. *See Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020).

The Court takes judicial notice of Plaintiff's complaint filed in another case here. *See* ECF No. 1, *Lassiter v. Lassiter*, No. 4:25-CV-01068-O (N.D. Tex. Sept. 30, 2025). In that case, Plaintiff states in his complaint and attaches a supporting document to show that he is a "100% service-connected Disabled Veteran." *Id.* According to the United States Department of Veterans Affairs website, a veteran like Plaintiff—one who has received a 100% disability rating and does not have any dependents—will receive a monthly disability compensation payment of $3,938.58. *See* https://www.va.gov/disablity/compensation-rates/veteran-rates/.

Because Plaintiff has not paid the requisite fees or demonstrated to the Court that he is entitled to proceed IFP, and appears to have made false statements regarding his monthly income, this case is subject to dismissal for failure to comply with the Court's March 23 order and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* FED. R. CIV. P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's

proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

Signed April 29, 2026.

_____

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4